UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| MARVIN QUEEN and<br>KAREN QUEEN<br><br>Plaintiffs,<br><br>v.<br><br>KIDNEY CARE RX, INC. dba DAVITA<br>RX dba DAVITA GREENSPRING<br>DIALYSIS CENTER<br><br>Defendant. | Civil Action No.<br><br>WDQ07CV1411 |

## NOTICE OF REMOVAL

Defendant, KIDNEY CARE RX, INC. (hereinafter referred to as "Defendant" or "KCR"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby appears and removes to this Court an action pending in the Circuit Court for Baltimore City, Maryland. The grounds for Removal are set forth below.

### Nature of Plaintiffs' Claim

1. On or about April 25, 2007, Plaintiffs Marvin Queen and Karen Queen filed an action in the Circuit Court for Baltimore City, Maryland styled *Marvin Queen, et al. v. Kidney Care Rx, Inc. dba DaVita Rx dba DaVita Greenspring Dialysis Center;* Case Number 24-C-07-002882 MM. Defendant Kidney Care Rx, Inc. (hereinafter referred to as "KCR") was served with process through its registered agent, Corporation Service Company, on May 1, 2007. In accordance with 28 U.S.C. § 1446(a), true and correct copies of the Complaint, Summons and related court filings are attached hereto as Exhibit A.

2. The Complaint alleges that Defendant KCR was a licensed provider of medical services in the State of Maryland and regularly conducted business at Greenspring Dialysis Center, 4701 Mt. Hope Road, Suite C, Baltimore, Maryland 21215, where the incident which is the subject of this lawsuit occurred. (Complaint ¶ 2.) Plaintiffs further allege that "[a]t all times, personnel at the Defendant Corporations' Greenspring Dialysis Center were acting for and on behalf of, and as agents/employees, either actual or apparent, of the Defendant Corporation, and were under the control of the Defendant Corporation at the time of the allegations contained within this claim." (Complaint ¶ 3.)

3. Plaintiffs allege that KCR was negligent in providing treatment to Mr. Queen and proximately caused the injuries alleged. (Complaint ¶¶ 6-10.)

## Procedural Posture

4. This Notice of Removal of this case to the United States District Court is filed by the Removing Defendant within thirty (30) days after service of process of the Amended Complaint, and is therefore timely. *See* 28 U.S.C. § 1446(b).

## Parties

5. Plaintiffs are citizens of the State of Maryland. (*See* Complaint ¶ 1.)

6. Defendant KCR is a foreign corporation incorporated under the laws of the State of Delaware and maintains its principal place of business at 21250 Hawthorne Boulevard, Suite 800, Torrance, California 90503. KCR was not at the time of commencement of said action or at anytime thereafter a resident of the state of Maryland. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), for diversity purposes, KCR is considered a resident of Delaware and California and not a resident of Maryland.

### Jurisdiction

7. This action is a civil action which falls under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship), and is one which may be removed to this Court by Defendant KCR pursuant to the provisions of 28 U.S.C. §§ 1441(a), (b) and (c).

8. This case is removable pursuant to 28 U.S.C. § 1441 because this United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a). Section 1332(a) provides in pertinent part as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-
>
> (1) citizens of different States....

9. Plaintiffs are citizens of the State of Maryland and the named Defendant is a resident of the state of Delaware and California. Therefore, complete diversity exists between Plaintiffs and Defendant.

10. Plaintiffs claim that as a result of Defendant KCR's conduct, Mr. Queen suffered severe injuries. (*See* Complaint ¶ 11.) Plaintiff Marvin Queen seeks compensatory for the costs of his medical care and treatment and pain and suffering. (*See* Complaint ¶ 13.) Plaintiff Karen Queen claims that she is entitled to damages for loss of consortium and pain and suffering. (*See* Complaint ¶¶ 14-18.)

11. Plaintiffs claim over $100,000 in actual damages. (*See* Civil-Non-Domestic Case Information Report.)

12. On the basis of the foregoing, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

13. Pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446(a), this Court has original jurisdiction over this action because the amount in controversy exceeds $75,000.00 and because this action is between citizens of different states.

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed contemporaneously with the Clerk of the Circuit Court for Baltimore City, Maryland, and served along with written notice on Plaintiffs and their counsel of record. A copy of the Notice to the Clerk of Removal is attached hereto as Exhibit B.

15. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions--including without limitation the defenses of lack of personal jurisdiction, improper venue, improper process and improper service of process, are hereby reserved to Defendant.

WHEREFORE, Defendant KIDNEY CARE RX, INC. hereby removes the above-referenced action, which is now pending in the Circuit Court for Baltimore City, Maryland to the United States District Court for the District of Maryland, Northern Division.

DATED this 25th day of May, 2007.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

*/s/ Ariel Grayson*
Christopher E. Hassell, Bar No. 05248
Ariel R. Grayson, Bar No. 16690
1233 20th Street, NW
8th Floor
Washington, DC 20036
(202) 712-7000 (phone)
(202) 712-7100 (fax)

*COUNSEL FOR DEFENDANT*
*KIDNEY CARE RX, INC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of May, 2007, a copy of the foregoing Notice of Removal, was sent via first class mail, postage prepaid to counsel for Plaintiffs identified below:

David Ellin, Esq.
Melissa A. Proctor, Esq.
Law Office of David Ellin, P.C.
20 South Charles Street, #308
Baltimore, Maryland  21201

Stanley Alpert, Esq.
Law Offices of Stanley Alpert, P.A.
20 South Charles Street, #300
Baltimore, Maryland  21201

                                                */s/ Ariel Grayson*
                                                Ariel R. Grayson, Bar No. 16690