```
         IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                 *
MARVIN QUEEN AND KAREN QUEEN,
                                 *
     Plaintiffs,
                                 *
          v.                         CIVIL NO.: WDQ-07-1411
                                 *
KIDNEY CARE RX, INC., D/B/A
DAVITA RX, D/B/A DAVITA          *
GREENSPRING DIALYSIS CENTER
                                 *
     Defendant.
                                 *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Marvin and Karen Queen sued Kidney Care Rx, Inc., d/b/a DaVita Rx, d/b/a DaVita Greenspring Dialysis Center ("Kidney Care") for negligence and loss of consortium. Pending are Kidney Care's motions for summary judgment and for leave to file a supplemental expert certificate, and the Queens' motion for partial summary judgment. For the following reasons, Kidney Care's motion for summary judgment and the Queens' motion for partial summary judgment will be denied, and Kidney Care's motion for leave to file a supplemental certificate will be granted.

I.   Background

On November 1, 2004, Mr. Queen, a 51-year old blind man with failed kidneys, was receiving dialysis at Kidney Care's Baltimore, Maryland center. Compl. ¶ 5. After treatment, Mr. Queen was left unattended on a gurney near a stairwell. *Id.* ¶ 6.

1

He fell off the gurney and suffered injuries.  *Id.* ¶¶ 7-8.

On April 24, 2007, the Queens sued Kidney Care in the Circuit Court for Baltimore City.  Paper No. 2.  On May 29, 2007, Kidney Care removed the case to this Court.  Paper No. 1.

II.  Analysis

A. Standard of Review

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court must view the facts and reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)).  The opposing party, however, must produce evidence upon which a reasonable fact finder could rely.  *Celotex*, 477 U.S. at 324.  The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment.  *Anderson*, 477 U.S. at 252.

B. Motion for Summary Judgment

Kidney Care contends that the Queens' expert report failed

to meet the requirements of the Maryland[1] Health Care Malpractice Claims Act ("HCMCA").[2] Kidney Care argues that filing an adequate expert certification is a condition precedent to maintaining a claim of medical malpractice. Thus, Kidney Care asserts that summary judgment should be granted on the Queens' claims. The Queens counter that an expert's testimony is unnecessary, but that their expert's report satisfies the requirements of the HCMCA.

The HCMCA was intended to limit frivolous medical malpractice claims in Maryland. *Carroll v. Konits*, 400 Md. 167, 176, 929 A.2d 19, 25 (Md. 2007). To pursue a medical malpractice claim, the plaintiff must file a claim with the Director of the Health Care Alternative Dispute Resolution Office ("HCADRO"). Md. Code Ann., Cts. & Jud. Proc. § 3-2A-04(a). Within 90 days of filing the claim, the plaintiff must submit a qualified expert's certificate, stating that the defendant's departure from the appropriate standard of care proximately caused the plaintiff's injury. *Id.* § 3-2A-04(b)(1)(i)1. An expert report that provides details of the physician's failure to meet the standard of care

---

[1] In this diversity jurisdiction case, Maryland law applies because Mr. Queen's cause of action arises out of an accident that occurred in Baltimore, Maryland. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *see also Hauch v. Connor*, 295 Md. 120, 123, 453 A.2d 1207, 1209 (Md. 1983) ("[T]he substantive tort law of the state where the wrong occurs governs.").

[2] Md. Code Ann., Cts. & Jud. Proc. §§ 3-2A-01 to -10 (LexisNexis 2006).

must also be attached to the certificate.  *Walzer v. Osborne*, 395 Md. 563, 583, 911 A.2d 427, 438 (Md. 2006).

Although the parties focus on whether the Queens' certification and report satisfy the HCMCA's standards, there is little indication that Mr. Queen's allegations are covered by the HCMCA.  The HCMCA defines "medical injury" as an "injury arising or resulting from the rendering or failure to render health care."  Md. Code Ann., Cts. & Jud. Proc. § 3-2A-01(g).  Claims for medical injuries against health care providers must be brought under the HCMCA.  *Id.* § 3-2A-02(a).  The acts alleged by Mr. Queen may not be within this definition.

The HCMCA covers only those injuries that arise from the breach of duty requiring professional skill or expertise.  *Cannon v. McKen*, 296 Md. 27, 36-37, 459 A.2d 196, 201 (Md. 1983).  Thus, "claims for damages arising from a professional's failure to exercise due care in non-professional situations such as premises liability, slander, assault, etc." are not covered by the HCMCA. *Id.; see also Nichols v. Wilson*, 296 Md. 154, 160, 460 A.2d 57, 61 (Md. 1983) (assault and battery during rendering of health care not covered by HCMCA); *Chew v. Meyer*, 72 Md. App. 132, 527 A.2d 828 (Md. Ct. Spec. App. 1987) (doctor's failure to submit form to patient's employer outside scope of HCMCA).  Mr. Queen alleges that he was left unattended on a gurney, and fell because he was unsupervised.  Mr. Queen does not contend that a

4

particular physician or nurse at Kidney Care negligently performed his dialysis treatment, or that he was misdiagnosed with a particular ailment.  In his opposition brief, the Queens liken leaving a blind and impaired individual unattended near a stairwell to a doctor leaving a foreign object in a patient after surgery.  Pls.' Opp'n at 2.  Although the Court does not draw that same analogy, Mr. Queen's claims do not need a medical expert's opinion.  As Mr. Queen's claims are not medical injuries as defined under the HCMCA, the adequacy of his expert certification and report is irrelevant.  Accordingly, Kidney Care's motion for summary judgment will be denied.

C. Additional Motions

On November 14, 2007, the Queens filed a motion for partial summary judgment on liability.  Paper No. 23.  The Queens argued that summary judgment was appropriate because Kidney Care failed to file a supplemental expert certificate.  On November 15, 2007, Kidney Care filed a motion for leave to file a supplemental certificate.  Paper No. 24.  On November 26, 2007, the Queens moved to withdraw their motion for partial summary judgment and do not oppose Kidney Care's supplemental filing.  Accordingly, the Queens' motion for partial summary judgment will be denied as moot, and Kidney Care's supplemental motion will be granted.

III. Conclusion

     For the reasons discussed above, Kidney Care's motion for summary judgment and the Queens' motion for partial summary judgment will be denied, and Kidney Care's motion to file a supplemental expert certificate will be granted.

<u>December 12, 2007</u>                        <u>        /s/        </u>
Date                                            William D. Quarles, Jr.
                                            United States District Judge